UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

FILED
ASHEVILLE, NC
AUG 1 3 2024
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

TONY D. GREGORY,
 Plaintiff,

V.

Lt. MOORE

OFFICER HUNEYCUTT,
 Defendants,

Case No. 1:24-CV-00210-GCM

# CIVIL RIGHTS COMPLAINT

I. PARTIES

A) Plaintiff: TONY D. GREGORY #1012343
   Tabor Correctional Institution
   4600 Swamp Fox Hwy., West
   Tabor City, NC. 28463

B) Defendants: Lt. MOORE
   OFFICER HUNEYCUTT
   HAYWOOD COUNTY JAIL
   1620 Brown Avenue
   Waynesville, NC. 28806

## II. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331. Jurisdiction also exist in The United States District Court for the Western District of North Carolina. Because the Defendants violated the Plaintiff's Constitutional rights while acting under color of state law. At the Haywood County Jail. Which is located in Waynesville, North Carolina, Haywood County. In the jurisdiction of the Western District of North Carolina.

## III. BASIS OF CLAIMS

Complaint under Civil Rights Act 42 U.S.C. § 1983 (State, County, Municipal Defendants).

## IV. EXHAUSTION

The Plaintiff has exhausted the North Carolina Department of Adult Corrections Administrative remedies on July, 9, 2024. On grievance No. 4885-2024-LPDUD-25485. The Plaintiff was transfered with in days of the incident as basis for this complaint out of Haywood County Jail. The County Jail also has a grievance process. But it is accessable only through county jail Kios in electronic format. Since the Plaintiff was send to the custody of the NCDAC. He does not have access to the Haywood County Jail Kios system. Therefore the Haywood County Jail electronic grievance system is not available to the Plaintiff.

## V. CAUSE OF ACTION

Count 1: All named Defendants violated the Plaintiffs Eighth Amendment of the U.S. Constitution. To be free efrom cruel and unusual punishment. By subjecting

the Plaintive to exessive force in the form of strangulating him on camera when not resisting, restrained, and defenseless. While the Defendants acted under color of state law.

## VI. STATEMENT OF THE FACTS

1) On June 5, 2024 the Plaintiff was housed at the Haywood County Jail in Waynesville, North Carolina.

2) Lt. Moore and Officer Huneycutt both work for the Haywood County Jail.

3) On June 5, 2024, while at the Haywood County Jail, between 9am-1pm. The Plaintiff had a mental breakdown and held his hand out of cell door trap to get attention from staff.

4) Lt. Moore responded by physically attempting to remove my hand from the trap. When she couldn't take it off she started to punch my hand. She didn't want to hear what I was going through mentaly.

5) Lt. Moore then called for back up. Multiple officers came and openned the cell door I was in. I was then slung to the floor when I was not resisting. Officers continuously kept yelling "quit resisting". When I was not moving or attempting to defend myself.

6) While I was on the ground face down Lt. Moore stepped on the back of neck with all her weight. That caused the plaintiff great pain and the pressure was not

3

allowing him to breath properly. As his air ways where being restricted by the force.

7) The Plaintiff while on the ground was hand cuffed and shackled from his feet. Then he was picked off the ground by multiple officers.

8) Once the plaintiff was picked up officer Huneycutt came and placed one of his hands around my neck. He squeezed on my neck while the plaintiff was defensless and fully restrained, not posing a threat. He squeezed so hard and long that it restricted the Plaintiffs ability to breath till he almost passed out. The Plaintiff was already in a restrained chair that restricts all movement. When officer Huneycutt strangled him.

9) After officer Huneycutt strangled the Plaintiff the handcuffs on him where put extra tight. The handcuffs where so tight they caused the Plaintiff great pain. They where als cutting off his circulation to his hands. Eventually his hands lost all sensation over lack of blood circulation to his hands.

10) The Plaintiff feared for his life that he would be strangled to death by both Lt. Moore and officer Huneycutt. At no time did the plaintiff posed a threat to any officers. And was restrained most of the time force was used on him.

11) With in days of that incident the Plaintiff was sent to Tabor Correctional Institution Under the custody of the NCDAC. A conduct report was pending against the Plaintiff for allegedly assault on staff. The conduct report was dismissed because the video evidence contradicted the written report. As it depicted the Plaintiff being assaulted by staff not the other way around.

## VII. INJURY

The Plaintiff has been injured in the following:

a) The Plaintiff's rights themselves have been injured.

b) The Plaintiff was subjected to needless pain and strangulation

c) The Plaintiff has been affected emotionally and psychological behind this incident and has nightmares behind it.

## VIII. PREVIOUSLY DISMISSED ACTIONS

The Plaintiff has never filed a prior law suit.

## IX. REQUEST FOR RELIEF

1) The Plaintiff is suing the Defendants in their individual capacities.

2) The Plaintiff request a trial by Jury.

3) The Plaintiff seeks declaratory relief that strangulating a restrained inmate is unconstitutional.

4) The Plaintiff seeks compensatory damages in the sum of $200,000

5) The Plaintiff seeks punitive damages in the sum of $200,000

6) The Plaintiff seeks nominal damages.

Respectfully Submitted,

*Tony Gregory*
Tony D. Gregory (Plaintiff)
Tabor Correctional Institution

# VERIFICATION

I, Tony Gregory, the Plaintiff in the aforementioned complaint, do affirm under penalty of perjury that I have read all of the statements contained in this complaint. And that I believe them to be true and correct to the best of my personal knowledge and belief.

Signed this August 5, 2024

*Tony Gregory*
Tony Gregory (Plaintiff)