UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-210-GCM

| | |
|---|---|
| TONY D. GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU MOORE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Doc. 5].

**I.     BACKGROUND**

The pro se Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Haywood County Jail ("HCJ").[1] The Plaintiff names as Defendants in their individual capacities: FNU Moore, a lieutenant at HCJ; and FNU Huneycutt, an officer at HCJ. [Doc. 1 at 1, 5]. The Plaintiff claims that, on June 5, 2024,[2] he had a "mental breakdown" during which Defendant Moore unsuccessfully attempted to remove Plaintiff's hand from the trap. [Id. at 3]. Defendant Moore started to punch Plaintiff's hand then called for backup; "multiple officers" responded and opened Plaintiff's cell. [Id.]. The Plaintiff was then "slung to the floor" while he was not resisting; Moore stepped on the back of his neck, choking

---

[1] The Plaintiff is presently incarcerated at the Tabor Correctional Institution.

[2] The North Carolina Department of Adult Corrections' website indicates that the Plaintiff was convicted on March 21, 2024 so his claims will be addressed under the standard applicable to convicted prisoners. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1012343&searchOffenderId=1012343&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Dec. 19, 2024); Fed. R. Ev. 201.

him; Plaintiff was shackled with excessively tight cuffs and he was picked up by "multiple officers; then Huneycutt squeezed the Plaintiff's neck, choking him until he nearly passed out. [Id. at 4]. For injury, the Plaintiff claims pain and emotional distress. [Id. at 5]. He seeks a declaratory judgment; compensatory, punitive and nominal damages; and a jury trial. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut.

2

Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The body of the Complaint contains allegations that are directed to individuals who are not named as defendants. [See, e.g., Doc. 1 at 3 (referring to "multiple officers")]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). These claims are also too vague and conclusory to proceed in that the Plaintiff has failed to adequately identify the individuals to whom he refers. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations that are not attributed to Defendants Moore and Huneycutt are, therefore, dismissed without prejudice.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an

3

excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Taking the Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Plaintiff's claims that Defendants Moore and Huneycutt used excessive force against him pass initial review in that they are not clearly frivolous.

## IV. CONCLUSION

In sum, Plaintiff's Complaint passes initial review against Defendants Moore and Huneycutt for the use of excessive force, and the remaining claims are dismissed without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Complaint [Doc. 1] passes initial review against Defendants Moore and Huneycutt for the use of excessive force.
2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk is respectfully instructed to mail two blank summons forms to the Plaintiff, which the Plaintiff shall fill out and return for service of process on the

Defendants.  Once the Court receives the completed summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED**.

Signed: December 23, 2024

Graham C. Mullen
United States District Judge