# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:24-cv-210-GCM

| | | |
|---|---|---|
| **TONY D. GREGORY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **ROBBIE MOORE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

      **THIS MATTER** is before the Court on Defendants Joseph Honeycutt and Robbie Moore's

Motion for Summary Judgment [Doc. 13].

## I.      BACKGROUND

      The incarcerated Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983,

addressing incidents that allegedly occurred at the Haywood County Jail.[1]  The verified Complaint

passed initial review against detention officers Honeycutt and Moore for the use of excessive force.

[Doc. 1: Compl.; Doc. 6: Order on Initial Review]. The Plaintiff seeks a declaratory judgment, and

compensatory, punitive, and nominal damages. [Doc. 1 at 5].

      The Defendants filed the instant Motion for Summary Judgment.  [Doc. 13].  Thereafter,

the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975),

advising Plaintiff of the requirements for filing a response to the summary judgment motion and

---

[1] The North Carolina Department of Adult Corrections' website indicates that the Plaintiff was a prisoner of the State of North Carolina on June 5, 2024, when the incident at HCJ occurred. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1012343&searchOffenderId=101234 3&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 3, 2024); Fed. R. Ev. 201) (addressing judicial notice). The Plaintiff is presently incarcerated at the Tabor Correctional Institution.

of the manner in which evidence could be submitted to the Court. [Doc. 14: Roseboro Order]. The Plaintiff has not responded and the time to do so has expired. This matter is ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be

2

considered by the Court on summary judgment.  Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party.  Anderson, 477 U.S. at 255.  Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007).  As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts ….  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986).  When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott, 550 U.S. at 380.

## III.  FACTUAL BACKGROUND

The parties' forecasts of evidence show the following, which is undisputed except as otherwise noted.

The Plaintiff was in a communal cell at HCJ on June 5, 2024 when he had a "mental breakdown." [Doc. 1 at 3]. He kicked the door, threw trash, and placed his arms through the meal pass door, to get staff's attention. [Id.; Doc. 13-2: Moore Decl. at ¶ 5]. Moore responded to the cell and attempted to close the meal pass, but Plaintiff grabbed the pass, would not allow her to close

3

it, and ignored verbal commands to remove his arms. [Doc. 13-2: Moore Decl. at ¶ 6]. Moore tried to physically remove Plaintiff's hand from the trap door, including by using a closed fist on Plaintiff's forearm. [Doc. 1 at 3; Doc. 13-2: Moore Decl. at ¶ 6]. This was unsuccessful, so Moore called for backup. [Id.; id. at ¶¶ 6-7].

Multiple officers arrived and opened the cell door, and the Plaintiff was "slung" to the floor while he was not resisting or attempting to defend himself.[2] [Id.]. When Honeycutt responded to the area, the Plaintiff was on the ground and an officer was attempting to place him in handcuffs. [Doc. 13-3: Honeycutt Decl. at ¶ 5]. While the Plaintiff was facedown on the floor, Moore "stepped on the back of [his] neck with all her weight," causing "great pain and pressure" which interfered with his breathing.[3] [Doc. 1 at 3-4].

The Plaintiff was then placed in a restraint chair. [Id. at 4; Doc. 13-2: Moore Decl. at ¶ 11; Doc. 13-3: Honeycutt Decl. at ¶ 10]. While Plaintiff was fully restrained in the chair and was not posing any threat, Honeycutt placed his hand around the Plaintiff's neck and squeezed, restricting his ability to breathe, almost until the Plaintiff passed out.[4] [Doc. 1 at 4]. After Honeycutt choked the Plaintiff, the handcuffs were tightened until they caused Plaintiff great pain and cut off his circulation. [Id.]. This incident caused the plaintiff physical and psychological pain including nightmares. [Id. at 5].

## IV.    DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain."

---

[2] According to Defendant Moore, the Plaintiff had ignored verbal commands, became aggressive and threatening, and began physically fighting officers. [Doc. 13-2: Moore Decl. at ¶ 8].

[3] The Defendants deny this. [See Doc. 13-2: Moore Decl. at ¶ 10; Doc. 13-3: Honeycutt Decl. at ¶ 7].

[4] The Defendants deny this. [See Doc. 13-2: Moore Decl. at ¶¶ 12-15; Doc. 13-3: Honeycutt Decl. at ¶¶ 14-16].

4

Whitley v. Albers, 475 U.S. 312, 319 (1986). To prove an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. The Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

The Plaintiff has forecast evidence that Defendants Moore and Honeycutt used force by *inter alia* stepping on his neck and choking him, respectively, and that these uses of force occurred while Plaintiff was not resisting and/or was restrained. This forecast of evidence demonstrates the existence of genuine disputes of material fact regarding whether the Defendants violated the Plaintiff's Eighth Amendment rights. Accordingly the Court cannot conclude, on the record presently before it, that the Defendants are entitled to judgment as a matter of law on the Plaintiff's Eighth Amendment claims. The Defendants' Motion for Summary Judgment is, therefore, denied.

## IV.    CONCLUSION

For the reasons stated herein, the Defendants' Motion for Summary Judgment is denied.

The Court intends to refer this case to a United States Magistrate Judge for the purpose of conducting a Judicial Settlement Conference. Any party not wishing to participate in a Judicial Settlement Conference shall file written objections within fourteen (14) days of this Order.

5

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants Joseph Honeycutt and Robbie Moore's Motion for Summary Judgment [Doc. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that any party not wishing to participate in a Judicial Settlement Conference shall file written objections so informing the Court within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

Signed: October 6, 2025

Graham C. Mullen
United States District Judge

6